# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

LARRY NEELEY,　　　　　　　　　　:

　　　Petitioner,　　　　　　　　　:　　Case No.  3:07CV204

　vs.　　　　　　　　　　　　　　　:　　District Judge Timothy S. Black
　　　　　　　　　　　　　　　　　　　　Magistrate Judge Sharon L. Ovington
TIM BRUNSMAN,  Warden,　　　　　:
Lebanon Correctional Institution,
　　　　　　　　　　　　　　　　　:
　　　Respondent.
　　　　　　　　　　　　　　　　　:

# REPORT AND RECOMMENDATIONS[1]

## I.　　INTRODUCTION

Petitioner, Larry Neeley, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This case is presently before the Court upon the Grounds for Relief set forth in Neeley's Petition (Doc. #2), Respondent's Return of Writ (Doc. # 11), Petitioner's Notice of Filing of Table of Authorities and Attachment (Doc. # 13), Petitioner's Motion to Appoint Counsel (Doc. # 16); and the record as a whole.

## II.　　PROCEDURAL HISTORY

### A.　　STATE CONVICTION

On June 1, 2004, the Montgomery County, Ohio Grand Jury indicted Neeley for  one

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

count of murder, as defined in the Ohio Revised Code Section 2903.02(B). (Doc. # 11, Exhibit 1). The case proceeded to a jury trial and Neeley was found guilty as charged. (Doc. # 11, Exhibit 15, Tr. Vol. II, at 401-402). On December 21, 2004, the trial court sentenced Neeley to a prison term of fifteen years to life. (Doc. # 11, Exhibit 3; Exhibit 15, Sentencing Tr. at 4, Case No. 04CR-1949).

### B.  DIRECT APPEAL

On December 28, 2004, Neeley, through new counsel, filed a timely appeal to the Second District Court of Appeals, Montgomery County, Ohio. (Doc. # 11, Exhibit 4). In his brief filed on July 28, 2005, Neeley raised the following assignments of error:

a.  Appellant was denied a fair trial through the trial court's failure to provide the requested voluntary manslaughter jury instructions.

b.  Appellant was denied due process and a fair trial due to admission of evidence gained against him in violation of his constitutional rights.

c.  Appellant was denied due process, equal protection and a fair trial due to ineffective assistance of counsel.

d.  Appellant was denied his constitutional right to a fair trial through prosecutorial misconduct.

(Doc. # 11, Exhibit 5). On January 27, 2006, the Court of Appeals affirmed the judgment of the trial court. (Doc. # 11, Exhibit 7, Case No. 20842).

Neeley did not pursue a timely appeal to the Ohio Supreme Court.

On May 16, 2006, Neeley filed a *pro se* notice of appeal and a motion to file a delayed appeal to the Ohio Supreme Court (Doc. # 11, Exhibits 8 and 9). On July 5, 2006, the Ohio Supreme Court denied Neeley's motion for delayed appeal. (Doc. # 11, Exhibit 10, Case No.

2006-0981).

## C. FEDERAL HABEAS CORPUS

Petitioner raises three Grounds for Relief:

**GROUND ONE:** Appellant was denied a fair trial through the trial court's failure to provide the requested voluntary manslaughter jury instructions.

Supporting Facts: "Ordinary person" and "reasonable person" should be more clearly defined where appellant clearly does not fall into either element. The trial judge made no justifiable reason not to allow the lesser offense to be part of the jury instruction.

**GROUND TWO:** Appellant was denied due process, equal protection and a fair trial due to ineffective assistance of counsel.

Supporting Facts: Counsel failed in his duty to investigate or to make a reasonable decision that made particular investigations unnecessary, to prepare appellant's defense thoroughly and to completely and zealously represent appellant.

**GROUND THREE:** Appellant was denied his constitutional right to a fair trial through prosecutorial misconduct.

Supporting Facts: The prosecutor unfairly impugned appellant's character before the jury.

(Doc. #2, Petition, at pp. 6-9).

## III. STATEMENT OF THE FACTS

On direct appeal, the Court of Appeals, Second Appellate District, Montgomery County, Ohio, set forth the facts underlying Neeley's conviction as follows:

The offense of which Defendant Neeley was convicted occurred on May 23, 2004. Defendant was drinking beer with four other men on a loading dock. All were seriously intoxicated. When another of the men, David Reed, grabbed Defendant's beer, Defendant asked Reed if he remembered breaking Defendant's nose one or one and one-half years earlier. Reed said he remembered. Defendant replied,

"well, remember this," and then kicked Reed between the eyes. Reed fell, and when he sat up Reed threatened to "beat (Defendant's) ass," even though Reed was highly intoxicated and barely able to stand. Defendant then began hitting and kicking Reed while he lay on the floor of the loading dock. Reed repeated his threats to "beat (Defendant's) ass" while Defendant struck him, but Reed took no aggressive action. Defendant fled the scene, leaving Reed lying unconscious on the floor of the loading dock.

Another of the men who was there, Donald Corbett, called 911. Reed was unconscious when paramedics arrived. He was taken to Miami Valley Hospital, where he died thirty-six hours later. The cause of death was blunt force trauma to Reed's head. Reed's head injuries were consistent with being kicked. He sustained fifteen to seventeen separate blows to his head, face and limbs.

Donald Corbett also spoke with Dayton Police Officer Matthew Kennard concerning the incident. Corbett identified Defendant Neeley as Reed's assailant. Officer Kennard then issued a "lock-up broadcast" for Defendant Neeley's arrest. Two nights later, Neeley was arrested afterhours in Island Metropark by a park ranger. When Defendant's identity was determined, Officer Kennard was called and came to the scene and took Neeley into custody. Neeley waived his rights and agreed to be interviewed.

Defendant told Officer Kennard that Reed had made him angry when he grabbed Defendant's beer, so he hit Reed between the eyes and continued hitting Reed until Reed stayed down. Defendant repeated this same story when questioned by Detective Doyle Burke. Detective Burke took Defendant's shoes after Defendant said those were the same shoes he was wearing when he kicked Reed. Reed's DNA was found in blood on Defendant's right shoe.

(Doc. # 11, Exhibit 7, pp. 1-3, Case No. 20842).

## IV. PETITIONER'S GROUNDS FOR RELIEF ARE PROCEDURALLY DEFAULTED

A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir.), *cert. denied,* 474 U.S. 831 (1985). If petitioner fails to fairly present his

claims through to the state's highest court or commits some other procedural default relied on to preclude review of the merits of petitioner's claims by the state's highest court, and if no avenue of relief remains open or if it would otherwise be futile for petitioner to continue to pursue his claims in the state courts, the petition is subject to dismissal with prejudice on the ground that petitioner has waived his claims for habeas corpus relief. *See O'Sullivan,* 526 U.S. at 847-848; *Harris v. Reed,* 489 U.S. 255, 260-62 (1989); *McBee v. Grant,* 763 F.2d 811, 813 (6th Cir. 1985); *see also Weaver v. Foltz,* 888 F.2d 1097, 1099 (6th Cir. 1989).

In determining whether a state court rested its holding on a procedural default so as to bar federal habeas review, "the last state court rendering a judgment in the case must have based its judgment on the procedural default." *Simpson v. Jones,* 238 F.3d 399, 406 (6th Cir. 2000) (citing *Ylst v. Nunnemaker,* 501 U.S. 797, 803 (1991)); *Couch v. Jabe,* 951 F.2d 94, 96 (6th Cir. 1991). Normally, a federal habeas court will find that a petitioner procedurally defaulted if the last state court rendering a decision makes an express statement to that effect. *Harris,* 489 U.S. at 261. No such statement is necessary, however, if the petitioner failed to present the relevant issues to the state court. *Id.* at 263 n.9; *see Teague v. Lane,* 489 U.S. 288, 297-293 (1989). Under these circumstances, the federal court may deem the claim procedurally defaulted "if it is clear that the state court would hold the claim procedurally barred." *Harris,* 489 U.S. at 263 n.9. If, because of a procedural default, petitioner has not had his claims considered by the state's highest court and he can no longer present his claims to the state courts, he has waived the claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional errors, or that failure to consider the claims will result in a "fundamental

5

miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *see also Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

A "fundamental miscarriage of justice" occurs only in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 495-96; *see also Schlup v. Delo,* 513 U.S. 298, 327 (1995). In this case, Petitioner filed a motion for delayed appeal in the Ohio Supreme Court, but the Court denied his motion. An unexplained Entry by the Ohio Supreme Court denying a motion for a delayed appeal is considered a procedural ruling sufficient to bar review of a habeas corpus petition. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir.) (*per curiam), cert. denied,* 543 U.S. 989 (2004). Neeley has not demonstrated cause for his procedural default. In his motion for a delayed appeal he states that his indigence and limited abilities prevented a timely filing. Yet cause is defined as "some objective factor external to the defense." *Murray,* 477 U.S. at 488. The matters suggested by Petitioner are not external to his defense. In any event, Petitioner's statements are conclusory because he fails to explain how his financial status prevented a timely filing. Since he has not demonstrated cause or otherwise justified his default, Neeley has waived his claims for purposes of habeas corpus review.

**V.    PETITIONER'S MOTION TO APPOINT COUNSEL**

It is well established that a habeas corpus proceeding is civil in nature, and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *Evitts v.Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Barker v. Ohio,* 330 F.2d 594 (6th Cir.

1964). The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. 18 U.S.C. § 3006A(g); *see Mira v. Marshall,* 806 F.2d 636 (6th Cir. 1986). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *See* Rule 8(c), Rules Governing § 2254 Cases. Where no evidentiary hearing is necessary, as in the instant case, the district court will often consider (1) the legal complexity of the case, (2) factual complexity of the case, and (3) petitioner's ability to investigate and present his claims, along with any other relevant factors. *See Hoggard v. Purkett*, 29 F.3d 469 (8th Cir. 1994); *see also Gammalo v. Eberlin,* 2006 WL 1805898 (N.D. Ohio, June 29, 2006). All of Petitioner's Grounds for Relief have been procedurally defaulted. Therefore appointment of counsel is not warranted.

The conclusion that Petitioner's Grounds for Relief are procedurally defaulted is not debatable among jurists of reason. Consequently, a certificate of appealability should not issue.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Petitioner's Motion to Appoint Counsel (Doc. # 16) be DENIED;

2. Larry Neeley's Petition for a Writ of Habeas Corpus (Doc. #2) be DENIED and DISMISSED;

3. A certificate of appealability under 28 U.S.C. §2253(c) not issue; and

4. The case be terminated on the docket of this Court.

May 26, 2010

                                                                s/Sharon L. Ovington
                                                                 Sharon L. Ovington
                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).